UNITED STATES DISTRICT COURT        JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-723 DMG (PLAx)** | Date | March 2, 2016 |
|---|---|---|---|

| Title | *United States Acceptance, Inc. v. Jose Alfaro* | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS – ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT**

On December 16, 2015, Plaintiff United Service Acceptance, Inc. ("USA") filed a summons and complaint against Jose Alfaro in Los Angeles Superior Court for unlawful detainer for failure to pay rent and failure to vacate the premises after expiration of the required 30-day written notice. (Notice of Removal, Ex. 1 ("Complaint") [Doc. # 1].) USA seeks restitution and possession of the subject premises, $21.43 per day for damages for the use and occupancy of the subject premises, and reasonable attorney's fees and costs. (*Id.*)

Alfaro removed the case to this Court on February 2, 2016, asserting subject matter jurisdiction pursuant to 28 U.S.C. § 1441(a) (federal question) and/or (b) (diversity). (Notice of Removal ¶ 6.)

Alfaro contends that the complaint presents a federal question because he filed a demurrer based on defective notice for failure to comply with the Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220. (*Id.* ¶¶ 8-10.) It is axiomatic, however, that federal jurisdiction cannot rest upon an actual or anticipated defense. *See Vaden v. Discover Bank*, 556 U.S. 49, 129 S.Ct. 1262, 1272, 173 L.Ed.2d 206 (2009). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). The Complaint in this case raises no federal question.

Nor does the complaint reveal a basis for diversity jurisdiction. The Complaint states that the amount of damages sought by Plaintiff is past-due rent of $21.43 per day starting 30 days after plaintiff's written demand to vacate on November 30, 2015. (Complaint ¶¶ 5, 8.) This is well below the $75,000 amount-in-controversy jurisdictional threshold for diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

UNITED STATES DISTRICT COURT  JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 16-723 DMG (PLAx)** | Date | March 2, 2016 |
| Title | *United States Acceptance, Inc. v. Jose Alfaro* | Page | 2 of 2 |

  Moreover, it appears that Alfaro's notice of removal is untimely. A defendant must file notice of removal within 30 days after "receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). USA's Complaint was filed on December 16, 2015, and Alfaro's Notice of Removal was not filed until February 2, 2016, nearly three weeks after the 30-day deadline had passed.

  Accordingly, this action is hereby **REMANDED** to the Los Angeles County Superior Court.

**IT IS SO ORDERED.**